UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY SHELTON,

        Plaintiff,

   v.

THE BOEING COMPANY,

        Defendant.

C14-234 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's Motion for Partial Summary Judgment as to Liability, docket no. 28, and defendant's Motion for Summary Judgment, docket no. 32.  Having reviewed the papers filed in support of, and in opposition to, the parties' motions, the Court enters the following order.

**Background**

Plaintiff Anthony Shelton was employed by defendant The Boeing Company from May 1988 to September 2013.  Compl. (docket no. 3-1) ¶ 3.1.  During this time, plaintiff took time off of work to assist his son, who suffers from a severe medical condition.  *Id.* ¶¶ 3.2–3.6.  Under defendant's policies that applied to plaintiff, any request for FMLA

ORDER - 1

leave had to be made through defendant's TotalAccess hotline.[1]  Additionally, all similarly situated employees to plaintiff were required to notify their manager prior to the start of their shift if they were going to be absent, regardless of the reason.[2]  Plaintiff was disciplined when he requested leave through defendant's TotalAccess hotline, but failed to notify his manager that he would be absent.

---

[1] Irby Decl. (docket no. 37) Ex. A § 7.8.1.  The TotalAccess hotline is operated by Aetna, a third-party that processes requests for leave.  Def.'s Mot. (docket no. 32) at 4 n.1.

[2] This requirement is repeated several times throughout defendant's "Leaves of Absence Policy Handbook."  *See* Irby Decl. (docket no. 39) Ex. A § 4 ("Employees needing to take any absence should always speak to their manager . . . ."); *id.* § 6.2 ("Managers and Boeing TotalAccess must be notified when employees seek a leave of absence for any reason."); *id.* § 6.9.1 (defining employee responsibilities to include the obligation that employees "comply with organizational and bargaining agreement reporting requirements and report absences to his or her management."); *id.* § 11 (stating that employees taking a "FMLA Intermittent Absence" must contact the "[e]mployee's manager and Aetna (Boeing Leave Service Center) by calling TotalAcess.").  Plaintiff submits the declaration of Dr. Charles Tung, a professor of English, who opines that "[i]f the employee examines the *Handbook* as a whole, the overarching sense he or she acquires is that Boeing TotalAccess is the proper department to notify . . ." and that any requirement to notify a manager in the event of FMLA leave is ambiguous.  Tung Decl. (docket no. 44) at 2.  Dr. Tung's analysis, however, ignores the provisions of this handbook that require an employee to notify his or her manager in the event of an absence.  Further, the record illustrates that plaintiff understood that he was required to notify his manager if he was going to be absent.  For instance, on May 15, 2012, plaintiff's manager emailed everyone in plaintiff's work group telling them that:  "If you are going to be late or absent, contact myself [sic], or your team leads prior to the start of your shift. . . .  A phone call or text message are [sic] acceptable.  Phillips-Peterson Decl. (docket no. 35) Ex. A at 2.  Plaintiff acknowledged this policy, but stated that he would comply only if he was given a company phone and transferred to a different building.  *Id.* at 1.  Plaintiff's manager also reminded him of this requirement on several occasions after he missed work without notifying his manager or team leader.  *Id.* ¶ 8 (after plaintiff was absent on May 29, 2012); *id.* ¶ 9 (after plaintiff was absent on June 11 and 12, 2012).

ORDER - 2

Plaintiff argues that by doing so, defendant violated the Washington Family Leave Act ("WFLA"), RCW 49.78, by interfering with his right to take medical leave.  Compl. (docket no. 3) ¶¶ 4.0–4.2.  Plaintiff contends that under the WFLA, defendant could not legally maintain both its FMLA leave request procedure and its policy requiring him to notify his manager.  In the alternative, plaintiff asserts that by approving his requests for FMLA leave, defendant waived its internal notification requirements.  Both of these arguments, however, fail in the face of the relevant case law and regulations.

Over two separate periods during which plaintiff took leave, plaintiff called defendant's TotalAccess hotline to request approval, but failed to notify his manager that he would be absent.  Following plaintiff's absences on June 11 and June 12, 2012, plaintiff was reminded of the requirement that he contact his manager or team leader prior to any absence.  Phillips-Peterson Decl. (docket no. 35) ¶ 9.  From June 21 to June 26, 2012, plaintiff was absent for four consecutive work days; and again, failed to notify his manager or team leader.  Irby Decl. (docket no. 37) ¶ 9.  According to defendant, plaintiff did not contact the TotalAccess hotline to request approval for his leave until the end of this period, on June 26, 2012.  *Id.* ¶ 9.  On June 26, 2012, defendant contacted plaintiff's union regarding his absence, Irby Decl. (docket no. 37) ¶ 9.  In his deposition, plaintiff stated that he received a call from his union regarding his absences and refusals to notify his manager prior to being late or missing work.  Janke Decl. (docket no. 33) Ex. A at 124:13–125:15 (Shelton Dep.).  According to plaintiff, he told his union representative that he refused to call his manager prior to being absent because "[he] didn't feel that [he] was violating any Boeing policy."  *Id.* at 125:5–9.

ORDER - 3

1    On July 10, 2012, plaintiff received a written warning for his failure to comply
2 with the requirement that he notify his manager or team leader prior to being absent or
3 late to work.  Irby Decl. (docket no. 37) ¶ 11 & Ex. G.  Because plaintiff was a member
4 of the International Association of Machinists, Local 751, he was subject to defendant's
5 progressive discipline policy.  *See* Bean Decl. (docket no. 29) Ex. 1 at 4.  Under this
6 policy, plaintiff was entitled to progressive discipline of a written warning, followed by a
7 suspension, and ultimately termination.  *Id.*
8    On July 18, 2012, just over a week after receiving his written warning, plaintiff
9 again missed work without calling his manager or team leader.  Phillips-Peterson Decl.
10 (docket no. 35) ¶ 12.  While plaintiff submitted a request for leave through defendant's
11 TotalAccess hotline, Bean Decl. (docket no. 29) Ex. 9, and plaintiff's manager received
12 an email regarding his request, *id.*, defendant contends that this does not excuse plaintiff
13 from his obligation to comply with the requirement that he call his manager or team
14 leader prior to being absent or late, Def.'s Mot. (docket no. 32) at 8.  Pursuant to
15 defendant's progressive discipline scheme, plaintiff was placed on paid administrative
16 leave.  *See* Irby Decl. (docket no. 37) ¶ 12 & Ex. H.
17    Plaintiff returned to work on July 1, 2013.  Irby Decl. (docket no. 37) ¶ 15.  Upon
18 his return, plaintiff was placed into a new work group with a new supervisor.  *Id*.  Despite
19 his fresh start, plaintiff's relationship with his new supervisor and work group
20 deteriorated quickly.  According to plaintiff's new manager, plaintiff refused to do his job
21 and often left his work area.  *See* Burkenpas Decl. (docket no. 34) ¶¶ 6–9, Ex. A, Ex. B.
22 In August 2013, following an investigation into plaintiff's conduct in his new position,
23

ORDER - 4

plaintiff was terminated. Burkenpas Decl. (docket no. 34) ¶ 11. Plaintiff concedes that the conduct that gave rise to this final disciplinary action was not related to his taking FMLA leave. Pl.'s Mot. (docket no. 28) at 6. He does, however, argue that because the first two steps of his progressive discipline were related to his use of FMLA leave, his FMLA leave was a but-for cause of this termination. *Id.*

**Discussion**

    **A. Standard for Summary Judgment**

The Court should grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). While "all justifiable inferences" are to be drawn in favor of the non-moving party, *id.* at 255, when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).

    **B. Washington Family Leave Act**

Plaintiff claims that defendant interfered with his leave rights, and therefore violated the WFLA, by disciplining him for failing to comply with the requirement that he notify his manager prior to being absent. Compl. (docket no. 3-1) ¶¶ 4.0–4.2. To state a claim of interference, plaintiff need only prove "by a preponderance of the evidence

ORDER - 5

that [the] taking of FMLA-protected leave constituted a negative factor in the decision to terminate [him]." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001); *see also Buckman v. MCI World Com*, 2008 WL 928000, at *2 (D. Ariz. Apr. 4, 2008) *aff'd sub nom. Buckman v. MCI World Com Inc.*, 374 F. App'x 719 (9th Cir. 2010) ("Plaintiff must establish by a preponderance of the evidence that (1) he took FMLA-protected leave, (2) he suffered an adverse employment action, and (3) the adverse actions were causally related to his FMLA leave."). While plaintiff has not brought a claim under the Federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601,[3] the WFLA instructs that it should be "construed to the extent possible in a manner that is consistent with similar provisions, if any, of the federal family and medical leave act . . . and that gives consideration to the rules, precedents, and practices of the federal department of labor relevant to the federal act." RCW 49.78.410.

The Federal FMLA provides that "an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave . . . ." 29 C.F.R. § 825.303(c). Numerous courts have held that pursuant to this provision, an employer that disciplines an employee for failing to comply with a generally applicable

---

[3] Plaintiff's Motion for Partial Summary Judgment as to Liability asserts that the issues presented are whether defendant violated the Federal Family and Medical Leave Act. Pl.'s Mot. (docket no. 28) at 6–7. This claim under the Federal law, however, was not included in plaintiff's Complaint, which only asserts a single claim alleging a violation of the Washington Family Leave Act. Compl. (docket no. 3-1) ¶¶ 4.0–4.2. "[A]s this new claim was not in the Complaint, it cannot be alleged now and decided on a motion for summary judgment." *Brady v. Halawa Corr. Facility Med. Unit Staff*, 2006 WL 2520607, at *13 (D. Haw. Aug. 29, 2006) *aff'd sub nom. Brady v. Halawa Corr. Facility*, 285 F. App'x 424 (9th Cir. 2008)

ORDER - 6

notification requirement does not violate the FMLA.  *See e.g.*, *Brown v. Auto. Components Holdings, LLC*, 622 F.3d 685, 690–91 (7th Cir. 2010); *Bacon v. Hennepin County Med. Ctr.*, 550 F.3d 711, 715 (8th Cir. 2008); *Throneberry v. McGhee Desha County Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005); *Bones v. Honeywell Int'l Inc.*, 366 F.3d 869, 878 (10th Cir. 2004); *Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.3d 706, 710 (7th Cir. 2002); *Gilliam v. United Parcel Serv., Inc.*, 233 F.3d 969, 971 (7th Cir. 2000); *Buckman v. MCI World Com Inc.*, 374 F. App'x 719, 720 (9th Cir. 2010).

In *Bones*, the Tenth Circuit addressed a situation substantially similar to the one presently before the Court.  In that case, the employer required employees taking medical leave to notify both its medical department and to "follow the 'call-in policy' for your department."  *Bones*, 366 F.3d at 875.  In the plaintiff's department, it was her supervisor's policy that, in addition to requesting leave through the medical department, employees must also "call *him* if [the employee] was going to be absent from work."  *Id.*  When the plaintiff notified the medical department that she would be taking leave, but not her supervisor, she was terminated.  *Id.* at 874.  Affirming the district court's dismissal of plaintiff's claim, the court stated that:

> [I]t is uncontroverted that Bones did not comply with Honeywell's absence policy on the dates for which she was terminated.  Bones admits that she never notified [her supervisor] about her absences.  Bones was terminated because she did not comply with Honeywell's absence policy; she would have been terminated for doing so irrespective of whether or not these absences were related to a requested medical leave. . . .  Bones' request for an FMLA leave does not shelter her from the obligation, which is the same as that of any other Honeywell employee, to comply with Honeywell's employment policies, including its absence policy.

*Id.* at 878.

On the other hand, plaintiff fails to cite a single case in support of his argument that an employer may not require its employees to comply with a generally applicable notification requirement when taking FMLA leave.  Rather, plaintiff argues that these cases are distinguishable because he did comply with defendant's "usual and customary" notice requirement by calling the TotalAccess hotline, while the plaintiffs in these other cases did not comply with their employer's FMLA policy.  *See* Pl.'s Reply (docket no. 40) at 7–8.  First, plaintiff's characterization of the facts of these cases is wrong.  *See, e.g.*, *Bones*, 366 F.3d at 874 (noting that the plaintiff had submitted her medical leave request forms).  Second, plaintiff seeks to draw an untenably narrow interpretation of what may be included in an employer's "usual and customary" procedures.  According to plaintiff, defendant's "usual and customary" procedures may only be those stated in an employer's specific FMLA request policy.  However, as these cases make clear, employers are permitted to maintain generally applicable notification requirements in addition to its medical leave request procedures.  *See, e.g.*, *Lewis*, 278 F.3d at 710 (stating that the employer's "usual and customary" procedures included both its "company rules and Attendance Policy . . . .").  Moreover, plaintiff himself acknowledges that "[t]he FMLA does not replace traditional employer-established sick and personal leave policies . . . ." Pl.'s Mot. (docket no. 28) at 11 (quoting *Bushfield v. Donahoe,* 912 F. Supp. 2d 944, 952 (D. Idaho 2012)).  Plaintiff's argument, however, asks the Court to do exactly the opposite:  hold the defendant liable for not exempting him from its policies.

Plaintiff's alternative argument that by approving his requests to take leave, defendant waived its internal notification rules, Pl.'s Mot. (docket no. 28) at 15,  is

similarly unavailing.  In making this argument, plaintiff relies on two cases that are inapposite[4] and a regulation that was not in effect during the period relevant to this case.[5]

Ultimately, plaintiff knew[6] that he was required to notify his manager or team leader if he was going to be absent or late, regardless of the reason, but failed to do so for days that he requested to take FMLA leave through defendant's TotalAccess hotline.  As a result of his failure to comply with this requirement, plaintiff was disciplined.  Based on the record, plaintiff has failed to provide evidence that would permit a reasonable jury to

---

[4] Both *Jadwin v. County of Kern*, 610 F. Supp. 2d 1129 (E.D. Cal 2009), and *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549 (6th Cir. 2006), address the impact of an employer's approval of an employee's untimely request for leave and not an employer's internal leave notification policies.  Further, the holding in *Killian* is based on a version of 29 C.F.R. § 825.304 that was withdrawn.  *See infra* note 5.

[5] Prior to January 2009, 29 C.F.R. § 825.304 provided that where an employee failed to provide adequate notice of the need to take FMLA leave, an employer's recourse was limited to either waiving the employee's notice requirements and its internal rules or delaying the employee's leave.  29 C.F.R. §  825.304(a)–(b) (2009).  In 2009, however, this provision was amended to provide that where an employee fails to give timely notice of the need to take leave, the employer may choose not to waive its internal requirements, and to "take appropriate action under its internal rules and procedures for [an employee's] failure to follow its usual and customary notification rules . . . ." 29 C.F.R. § 825.304(e) (2013); *see also* The Family and Medical Leave Act, 73 Fed. Reg. 67,934 (Nov. 17, 2008).  Here, there is no evidence that defendant waived its internal notification requirements.  To the contrary, defendant told plaintiff repeatedly that his taking of FMLA leave did not exempt him from the requirement that he notify his manager.

[6] Plaintiff's reliance on *Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d. 1192 (S.D. Cal. 1998), for the proposition that he could not have been required to notify his manager because defendant failed to adequately notify him of this obligation, *see* Pl.'s Resp. (docket no. 41) at 14, is misguided. Unlike *Mora*, Boeing's policy that employees notify their manager of any absence, regardless of the reason, is clear and appears repeatedly throughout the same handbook as defendant's policy requiring employees to call the TotalAccess hotline to initiate a FMLA leave request.  Further, plaintiff was reminded of this obligation both in person and by email on several occasions prior to being disciplined.

ORDER - 9

conclude that he was subjected to an adverse employment action that was causally related to his FMLA leave.  Because plaintiff's claim requires that he show a causal nexus between his FMLA leave and his discipline, *see Buckman*, 2008 WL 928000, at *2, he has failed to establish a necessary element of his claim and defendant is entitled to summary judgment in its favor, *see Bones*, 366 F.3d at 877 ("Bones' interference claim fails because Honeywell successfully established that Bones would have been dismissed regardless of her request for an FMLA leave.  A reason for dismissal that is unrelated to a request for an FMLA leave will not support recovery under an interference theory.").

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Partial Summary Judgment as to Liability, docket no. 28, is DENIED, defendant's Motion for Summary Judgment, docket no. 32, is GRANTED, and plaintiff's claim is DISMISSED.  The clerk is directed to enter judgment in favor of defendant and against plaintiff, close the case, and mail copies of this order to the counsel of record.

Dated this 17th day of December, 2014.

THOMAS S. ZILLY
United States District Judge

ORDER - 10